**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1:26-cv-00228-RMR

TEOFILO ARMENDARIZ GONZALEZ ,

      Petitioner,

v.

JUAN BALTASAR, Warden, Aurora ICE Processing Center,
GEORGE VALDEZ, Acting Field Office Director, U.S. Immigration & Customs Enforcement,
TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement,
KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, and
PAMELA BONDI, Attorney General of the United States, in their official capacities,

      Respondents.

---

**ORDER**

---

      Pending before the Court is Petitioner Teofilo Armendariz Gonzalez's ("Petitioner" or "Mr. Armendariz") Supplement and Amendment ("Supplemental Petition"), ECF No. 20, to his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Original Petition"), ECF No. 1.[1] Respondents filed a Response to the Supplemental Petition, ECF No. 21, and Petitioner filed a Reply to the Response, ECF No. 22. The Court has reviewed

---

[1] The Court notes that, pursuant to Fed. R. Civ. P. 25(d), George Valdez is substituted for Robert G. Hagan as the Acting Field Office Director, Denver Field Office, United States Immigration and Customs Enforcement, David Venturella is substituted for Todd M. Lyons as Acting Director, U.S. Immigration and Customs Enforcement, Markwayne Mullin is substituted for Kristi Noem as Secretary of U.S. Department of Homeland Security, and Todd Blanche is substituted for Pamela Bondi as the Acting Attorney General.

the Supplemental Petition, the related briefing, and the applicable case law. For the reasons stated below, the Supplemental Petition, ECF No. 20, is GRANTED.

## I.     BACKGROUND

Mr. Armendariz is a long-time resident of Rifle, Colorado. ECF No. 1 at 7. He has no criminal history in Colorado or elsewhere. *Id.* Mr. Armendariz and his spouse have three children together, and he is self-employed as a carpenter and framer. *Id.* On December 8, 2025, Immigration and Customs Enforcement ("ICE") detained Mr. Armendariz while he was driving to work. Petitioner filed the Original Petition on January 1, 2026. ECF No. 1. He also filed a Motion for a Temporary Restraining Order on January 26, 2026. ECF No. 6.

Petitioner had a bond hearing before a Temporary Immigration Judge on February 17, 2026. ECF No. 20 at 2. The Temporary Immigration Judge granted Mr. Armendariz a release bond for $20,000 and no additional conditions following release. ECF No. 15-1 at 3-4. Post-release, Petitioner filed a Motion to Withdraw the Temporary Restraining Order as moot, and this Court granted the request. ECF Nos. 17 and 19. As a condition of his release, ICE subjected Mr. Armendariz to reporting requirements and ankle monitoring. ECF No. 16 at 2. Due to the conditions imposed by ICE, Petitioner filed the Supplemental Petition on March 5, 2026. ECF No. 20.

## II.     LEGAL STANDARD

28 U.S.C. Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of proving

2

that their detention is unlawful. *Batz Barreno v. Baltasar*, 816 F. Supp. 3d 1255, 1257 (D. Colo. 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)). The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

## III.    ANALYSIS

### A.    Jurisdiction

Respondents allege that this Court lacks jurisdiction to review Mr. Armendariz's claims. ECF No. 12 at 4. Respondents assert that Mr. Armendariz's arrest is a "question[] of law [or] fact . . . arising from [an] action taken . . . to remove [him] from the United States," and pursuant to 8 U.S.C. § 1252 (b)(9), jurisdiction "lies only in the court of appeals upon a petition for review." *Id.; see also* ECF No. 21 at 9. Respondents' interpretation of 8 U.S.C. § 1252 (b)(9) is improper.

Here, Petitioner is seeking a review of his continued detention, not relief from an order of removal. 8 U.S.C. § 1252 (b)(9) does not deprive a District Court of jurisdiction when a Petitioner pursues a review of his detention. *Garcia Cortes v. Noem*, No. 1:25-CV-02677-CNS, 2025 WL 2652880, at *2 (D. Colo. Sept. 16, 2025) (quoting *Mukantagara v. U.S. Dep't of Homeland Sec.,* 67 F.4th 1113, 1116 (10th Cir. 2023)) ("The statute's 'narrow' scope does not deprive the district court of jurisdiction....Congress did not intend the zipper clause 'to cut off claims that have a tangential relationship with pending removal

proceedings.'....A claim only arises from a removal proceeding when the parties in fact are challenging removal proceedings.") Since Petitioner is not challenging removal proceedings, this Court rejects Respondents' argument that 8 U.S.C. § 1252 (b)(9) strips this Court of Jurisdiction.

Having dispensed with Respondents' jurisdictional argument, the Court turns to Petitioner's claims.

### B.    Continued ICE Custody

Petitioner alleges he remains in ICE custody because ICE imposed additional conditions on his release not ordered by the Immigration Judge. ECF No. 20 at 3; *see also* ECF No. 15-1 at 3-4. These additional conditions include a report date and a GPS ankle monitor. *Id*. Courts in this District have held that GPS monitors and check ins not ordered by an Immigration Judge and unilaterally imposed by ICE constitutes continued custody.[2] *See e.g. Cortes v. Guadian,* No. 1:26-CV-00294-CNS, 2026 WL 265688, at *2 (D. Colo. Feb. 2, 2026) ("Imposing after-the-fact release conditions, such as GPS wearables and check-ins, that the immigration judge did not herself impose, constitutes custody for habeas purposes.") (internal citation omitted). This Court finds that due to the additional restrictions imposed by ICE, Mr. Armendariz remains in ICE custody and this Court maintains jurisdiction to hear his challenge to continued custody. *See Ruiz v.*

---

[2] Other District Courts have held the same. *See e.g. A.B.D. v. Wamsley*, No. 6:25-CV-02014-AA, 2026 WL 178306, at *8 (D. Or. Jan. 22, 2026) ("[T]he Court determines that Respondents, by self-described 'intensive supervision' measures, continue to maintain custody of Petitioners and that Petitioners may seek and be granted habeas relief from the on-going restraints on their liberty."); *see also N- N- v. McShane,* 813 F. Supp. 3d 496, 501 (E.D. Pa. 2025) (held that the argument that an ankle monitor does not constitute continued custody is not persuasive in the slightest.)

*Baltazar*, No. 26-CV-01031-CYC, 2026 WL 1501125, at *1 (D. Colo. May 29, 2026) (citing *Batz Barreno v. Baltasar*, 816 F. Supp. 3d 1255, 1258 (D. Colo. 2026).

### C.     ICE May Not Impose New Restrictions on Petitioner Post Bond Hearing

We next turn to whether or not ICE may impose additional restrictions not expressly authorized by an Immigration Judge post bond hearing. Judge Gallagher recently considered a very similar case. *Batz Barreno,* 816 F. Supp. 3d at 1255 ("*Batz*"). In *Batz*, an Immigration Judge granted the petitioner bond with no additional conditions. *Id.* at 1257. The petitioner posted bond and was released from custody. *Id.* ICE imposed additional conditions on the petitioner including an ankle monitor and various reporting requirements. *Id.* Judge Gallagher determined that as a result of the additional conditions of release imposed by ICE, the petitioner remained in custody for the purposes of habeas corpus and due process. *Id. at* 1258 (*citing N- N- v. McShane,* No. CV 25-5494, 2025 WL 3143594, at *3 (E.D. Pa. Nov. 10, 2025)). Ultimately, Judge Gallagher held that in order for continued custody of the petitioner to be lawful, the respondents must show that the continued custody did not violate the petitioner's due process rights. *Id*. Judge Gallagher also reasoned that ICE may not choose to impose conditions not articulated by the Immigration Judge. *See Id.* at n.3 ("The  IJ did not impose a GPS condition and ICE cannot, by itself, add that unimposed condition. Fundamental fairness and compliance with the rule of law mandate this result and comport with a general societal understanding of fairness and fairplay.").

Here, the facts are analogous. Mr. Armendariz was released on bond with no additional conditions imposed by the Immigration Judge. Post bond hearing, ICE imposed

additional conditions on Mr. Armendariz, including an ankle monitor and a reporting requirement. Respondents do not put forth any argument that Mr. Armendariz's continued ICE custody is in compliance with his due process rights. Therefore, this Court adopts the above-outlined principles and analysis from *Batz* and holds that ICE may not add conditions onto Mr. Armendariz not imposed by the Immigration Judge.

Since this Order grants Petitioner the relief he seeks, this Court need not address the rest of his arguments.

## IV.    CONCLUSION

For the reasons stated above, it is ORDERED that Mr. Armendariz's Supplemental Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 20, is GRANTED. Respondents SHALL NOT subject Petitioner to conditions of release that are inconsistent with the exact terms as set by the Immigration Judge after the bond hearing, including the imposition of any and all GPS monitoring technology or reporting requirements. Any such monitoring technology or devices SHALL BE REMOVED from Petitioner immediately. Respondents SHALL FILE a status update certifying compliance with this Order within 48 hours.

DATED: July 28, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge

6